United States District Court
Southern District of Texas
**ENTERED**
January 27, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NUMBER H-15-0060-01 |
| | § | |
| RAYNARD GRAY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Raynard Gray ("Defendant") has filed a motion seeking Compassionate Release Under 18 U.S.C. § 3582(c) and § 1B1.13 ("Defendant's Second Motion for Compassionate Release") (Docket Entry No. 626). The United States has filed the Government's Response to Defendant's Second Motion for Compassionate Release (Docket Entry No. 628). For the reasons explained below, Defendant's motion will be denied.

**I. Background**

In 2016 a grand jury returned a Second Superseding Indictment against Defendant in connection with an armed robbery of a local credit union.[1] After a four-day trial in March of 2017, a jury found Defendant guilty of two counts of bank robbery under 18 U.S.C. § 2113(a) (counts one and three), carrying and using a firearm in relation to a "crime of violence" under 18 U.S.C.

---

[1]Second Superseding Indictment, Docket Entry No. 221.

§ 924(c) (count two), and brandishing a firearm in relation to a "crime of violence" under 18 U.S.C. § 924(c) (count four).[2] On April 3, 2018, Defendant was sentenced to two concurrent terms of 150 months' imprisonment for counts one and three, followed by a consecutive term of 60 months' imprisonment for the firearms offense in count two and another consecutive term of 300 months for the firearms offense alleged in count four, for a total of 510 months' imprisonment.[3]

Although Defendant challenged his conviction on appeal, the Fifth Circuit affirmed his conviction.[4] Defendant filed a petition for a writ of certiorari, which the Supreme Court of the United States denied.[5] Defendant did not seek further review under 28 U.S.C. § 2255.

On September 14, 2021, Defendant filed his first motion for compassionate release, arguing that he was entitled to a sentence reduction under § 403(a) of the First Step Act.[6] Finding that

---

[2] Verdict, Docket Entry No. 330 (Gray).

[3] Judgment in a Criminal Case, Docket Entry No. 477, p. 2. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[4] Order of the United States Court of Appeals for the Fifth Circuit, Docket Entry No. 551, p. 19.

[5] Order of the Supreme Court of the United States, Docket Entry No. 586.

[6] Motion for Sentence Reduction Under Title 18 U.S.C. § 3582(c)(1)(A) ("Defendant's First Motion for Compassionate Release"), Docket Entry No. 587, p. 8.

§ 403(a) does not apply to Defendant because he was sentenced before it went into effect, the court denied Defendant's First Motion for Compassionate Release.[7]

On January 13, 2025, Defendant filed a Second Motion for Compassionate Release, which reasserts that he is entitled to a sentence reduction under § 403(a).[8]

## II. Legal Standard

In United States v. Jackson, 27 F.4th 1088 (5th Cir. 2022), the court stated the requirement for obtaining compassionate release under § 3582(c):

> . . . [A] prisoner seeking compassionate release must overcome three hurdles. First, "extraordinary and compelling reasons" must justify the reduction of his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Second, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. § 3582(c)(1)(A). Finally, the prisoner must persuade the district court that his early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a). Id. "The district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction." Ward v. United States, 11 F.4th 354, 360 (5th Cir. 2021).

Jackson, 27 F.4th at 1089.

"We understand 'extraordinary' to mean 'beyond or out of the common order,' 'remarkable,' and synonymous with 'singular.'" United States v. Escajeda, 58 F.4th 184, 186 (5th Cir. 2023)

---

[7]Memorandum Opinion and Order, Docket Entry No. 600, pp. 10-11, 15-16.

[8]Defendant's Second Motion for Compassionate Release, Docket Entry No. 626, pp. 1, 5.

(quoting Webster's New International Dictionary 903 (2d. ed. 1934; 1950)). Under the United States Sentencing Guidelines, "district courts may consider the following extraordinary and compelling circumstances in their analysis: (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) whether the defendant, while in custody, was a victim of abuse; (5) other reasons similar in gravity to those previously described; and (6) a change in the law resulting in the defendant receiving an unusually long sentence." United States v. Hamilton, Criminal Action No. H-17-418, 2024 WL 4052336, at *2 (S.D. Tex. Aug. 19, 2024).

The § 3553(a) factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

-4-

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–

* * *

(5) any pertinent [Sentencing Commission] policy statement–

* * *

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

### III. Analysis

**A. Defendant has not demonstrated extraordinary and compelling reasons for reducing his sentence.**

Defendant argues that he is entitled to a sentence reduction under § 403(a) of the First Step Act.[9]

At the time Defendant was sentenced, § 924(c) mandated a "consecutive sentence of the statutory mandatory minimum term of 25 years for a second offense." United States v. Gray, 652 F.Supp.3d 804, 808 (S.D. Tex. Jan. 25, 2023). However, "[i]n 2018, section 403(a) of the First Step Act clarified that the 25-year" sentence enhancement for a second § 924(c) conviction can only be triggered when the second § 924(c) conviction occurs after "the initial []

---

[9]Defendant's Second Motion for Compassionate Release, Docket Entry No. 626, pp. 4–5.

924(c) conviction has become final." <u>United States v. Garner</u>, Criminal Action No. H-14-13, 2024 WL 4068765, at *3 (S.D. Tex. Sept. 5, 2024). The Act became effective on December 21, 2018, and plainly states that it is not retroactive. <u>United States v. Gomez</u>, 960 F.3d 173, 177 (5th Cir. 2020). Therefore, because Defendant was sentenced before § 403(a) went into effect,[10] § 403(a) does not apply to his sentence.

Additionally, the Fifth Circuit has held that "'a prisoner may not leverage non-retroactive changes in criminal law to support a compassionate release motion, because such changes are neither extraordinary nor compelling.'" <u>United States v. Austin</u>, 125 F.4th 688, 692 (5th Cir. 2025) (quoting <u>United States v. McMaryion</u>, No. 21-50450, 2023 WL 4118015, at *2 (5th Cir. June 22, 2023) (per curiam)). The Fifth Circuit explained that though "§ 1B1.13(b)(6) of the Sentencing Guidelines says that a nonretroactive 'change in the law . . . may be considered in determining whether the defendant presents an extraordinary and compelling reason,' . . . the Guidelines 'must bow to the specific directives of Congress'" and thus "cannot make retroactive what Congress made non-retroactive." <u>Id.</u> (first quoting U.S.S.G. § 1B1.13(b)(6) and then quoting <u>United States v. LaBonte</u>, 117 S. Ct. 1673, 1677 (1997)).

---

[10]Defendant was sentenced on April 3, 2018, and § 403(a) went into effect on December 21, 2018. Judgment in a Criminal Case, Docket Entry No. 477, p. 1.

## B.  The § 3553(a) factors counsel against a reduction.

Although Defendant has made no effort to demonstrate that a reduction in sentence is warranted under the § 3553(a) factors, the court nevertheless is "obligated to consider the Section 3553(a) factors before deciding whether to order compassionate release." Ward v. United States, 11 F.4th 354, 360 (5th Cir. 2021). In its denial of Defendant's First Motion for Compassionate Release the court found that:

> [T]he "seriousness of the offense" weighs heavily against a reduction in sentence. See 18 U.S.C. § 3553(a)(2)(A). According to the Presentence Investigation Report ("PSR"), Gray was identified as a leader/organizer of the crew that robbed the Shared Resources Credit Union while carrying firearms. Gray planned the offense, recruited members of the crew, and supplied them with weapons. While serving as lookout outside the establishment, Gray communicated with the armed perpetrators by cell phone during the offense that occurred on July 28, 2014, in which $19,470 was stolen and never recovered. The robbers terrorized the credit union employees during the offense, then led police on a high-speed chase.
>
> . . . The PSR assessed a total of 25 criminal history points, placing Gray in Criminal History Category VI. The PSR reflects that between the age of 14 and 31, when he orchestrated the robbery of the Shared Resources Credit Union, Gray incurred at least 20 convictions in state court for offenses of assault, possession of marijuana, unauthorized use of a motor vehicle, and multiple counts of criminal trespass, evading arrest of detention by police, and burglary of a motor vehicle. In one case Gray was charged with aggravated assault after he shot someone in the back during an argument, but he was convicted pursuant to a plea agreement of attempted possession of a firearm by a felon.
>
> The PSR reflects that Gray was involved in other bank robberies that preceded the offense that occurred at the Shared Resources Credit Union on July 28, 2014. On July 14, 2014, two weeks before the Shared Resources

-7-

> Credit Union robbery took place, Gray and the same group of perpetrators robbed the Texas Bay Area Credit Union in Houston using guns provided by Gray. . . . There is no information in the PSR about whether Gray or his confederates were ever charged in connection with this offense.
>
> . . . At the sentencing hearing Gray denied having anything to do with robbing the Shared Resources Credit Union, despite ample evidence to the contrary at his trial, and he has not accepted responsibility or shown any remorse. Nor has he provided any evidence of rehabilitation while in prison. Given the serious nature of his criminal record, Gray has not established that the sentence imposed no longer serves the need to afford adequate deterrence for his criminal conduct or to protect the public from further crimes by him. See 18 U.S.C. § 3553(a)(2)(B)-(C).

Gray, 652 F.Supp.3d at 810-11. The court therefore concludes that the § 3553(a) factors weigh against granting Defendant's Second Motion for Compassionate Release.

## IV. Conclusion and Order

For the reasons explained above, Defendant's motion seeking Compassionate Release Under 18 U.S.C. § 3582(c) and § 1B1.13 (Docket Entry No. 626) is **DENIED**.

**SIGNED** at Houston, Texas, on this 27th day of January, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE